SALVATORE G. TARRICONE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tarricone v. Commissioner
Docket No. 1895-80.
United States Tax Court
T.C. Memo 1983-674; 1983 Tax Ct. Memo LEXIS 116; 47 T.C.M. (CCH) 277; T.C.M. (RIA) 83674; November 9, 1983. THOMAS A. Condon and Kevin F. Hobbs, for the petitioner. Anne Hintermeister, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motion for partial summary judgment filed on March 8, 1983, pursuant to Rule 121, [1] and heard on *117 May 23, 1983. Respondent determined a $71,693 deficiency in petitioner's 1975 Federal income tax. The sole issue for decision is whether petitioner, as a limited partner in Meadowview Associates, is entitled to a deduction for his distributive share of the partnership losses attributable to a motion picture depreciation deduction. Petitioner, Salvatore G. Tarricone, resided in Pound Ridge, New York, on the date he filed his petition herein. He filed his 1975 Federal income tax return with the District Director of the Internal Revenue Service for the District of Manhattan, New York. Petitioner was a limited partner in Meadowview Associates (hereinafter the partnership), a motion picture partnership. On its 1975 return (Form 1065) the partnership listed as its sole asset the film "I The Jury." For its 1975 taxable year, the partnership claimed a depreciation deduction, computed under the income forecast mothod, of $1,325,000 although it reported no gross receipts from exploitation of the *118 film during that year. In 1975, the partnership claimed an ordinary loss of $1,410,811.00. Petitioner's distributive share of the loss was $103,695.00 of which $67,387.50 is attributable to the depreciation deduction taken on the film. This Court has clearly held, and petitioner does not dispute, that under the income forecast method if a film does not generate gross receipts during a taxable year, no depreciation deduction is allowed for that taxable year. [2]Greene v. Commissioner,81 T.C. 132 (1983); Siegel v. Commissioner,78 T.C. 659, 693 (1982); Wildman v. Commissioner,78 T.C. 943, 951 (1982). In a futile attempt to salvage part of his tax shelter loss, petitioner argues that the partnership is entitled to change its mothod of depreciation *119 from the income forecast mothod to the straight line method. We rejected a similar argument in Wildman v. Commissioner,supra. In Wildman we held that a taxpayer cannot change from the income forecast method of depreciation to another method of depreciation without the Commissioner's consent. Petitioner attempts to distinguish his case by arguing that Wildman involved a change from the income forecast method of depreciation to an accelerated method of depreciation, whereas he is attempting to switch from the income forecast method to the straight line method. Petitioner asserts that such a change is permissible without consent. For the reasons set forth below, we disagree. Section 1.167(e)-1(a), Income Tax Regs., generally provides that any change in the method of computing depreciation allowances will be permitted only with the consent of the Commissioner, "except that certain changes to the straight line method of depreciation will be permitted without consent as provided in section 167(e)(1), (2), and (3)." Section 167(e) and section 1.167(e)-1, Income Tax Regs., permit a taxpayer to change from the declining balance method to the straight line *120 method, and, in the case of section 1245 or section 1250 property, permit a taxpayer to change from either the declining balance or the sum of the years-digits methods to the straight line method without the consent of the Commissioner. Since the Income forecast method is clearly not included within the exceptions to the general rule requiring consent, a taxpayer utilizing this method is precluded from choosing an alternative method of depreciation without the consent of the Commissioner. In the instant case, no such consent was given by respondent, therefore, petitioner cannot change from the income forecast method to the straight line method. [3] See Greene v. Commissioner,supra at 139-140; Wildman v. Commissioner,supra at 952. In a final attempt to defeat respondent's motion, petitioner attempts to create an issue of fact by asserting that, because of difficulty *121 in obtaining the books and records, [4] he was unable to verify that the partnership received no income from the film in 1975. However, petitioner has not affirmatively alleged, nor demonstrated by affidavit or other evidence, that the partnership had unreported income derived from exploitation of the film during 1975. [5] On the other hand, respondent's affidavit and exhibits clearly demonstrate that Meadowview Associates received no income from the film during 1975. Therefore, petitioner has not raised a genuine issue as to any material fact with respect to unreported income from exploitation of the film. In this case, petitioner has failed to set forth *122 specific facts showing that there is a genuine issue for trial. Therefore, summary judgment on the issue of the motion picture depreciation deduction is appropriate. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended.↩
2. The allowable depreciation under the income forecast method is computed as follows: Income received during the taxable year with respect to the film / Estimated total income to be derived from the film X Adjusted basis = Allowable depreciation When no income is received during the taxable year the numerator is zero and therefore, the allowable depreciation is zero.↩
3. This result is in accordance with our decision in Bizub v. Commissioner,T.C. Memo. 1983-280, which, relying on Wildman,↩ held that a taxpayer may not change from the income forecast method to the straight line method without the consent of respondent.
4. We note that petitioner does not support this assertion by any evidence, affidavit or otherwise. ↩
5. Rule 121 (d): When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of this pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth the specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him.↩